**In re William VAN AKEN, Debtor.**

**Shirley Van Aken, Plaintiff,**

**v.**

**William Van Aken, Defendant.**

**Bankruptcy No. 03–20434.**

**Adversary No. 03–1418.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

April 28, 2004.

Richard A. Baumgart, Dettelbach, Sicherman & Baumgart, Cleveland, OH, for Debtor/Defendant.

Keith E. Belkin, Shaker Heights, OH, for Plaintiff.

### *MEMORANDUM OF OPINION AND ORDER*

RANDOLPH BAXTER, Chief Judge.

The matter presently before this court is the Plaintiff's Second Amended Complaint To Have The Obligation Owing to Shirley H. Van Aken Declared Nondischargeable, for Money Judgment and Equitable Relief. The Court must decide whether the obligations designated as spousal support in the parties Judgment Entry of Divorce are actually "in the nature of support" and, therefore, nondischargeable under 11 U.S.C. § 523(a)(5). Core jurisdiction of this matter is acquired under the provisions of 28 U.S.C. § 157(b)(2)(I), 28 U.S.C. § 1334, and General Order No. 84 of this district. Upon a duly noticed hearing, the following constitutes the Court's factual findings and conclusions of law:

### I.

William Van Aken ("Debtor"), filed for Chapter 7 bankruptcy relief on August 6, 2003. Prior to the Debtor's bankruptcy, Shirley Van Aken ("Plaintiff") and Debtor were divorced on December 16, 1997. The Plaintiff and Debtor were married for nineteen years and had one child. A Judgment Entry of Divorce ("Judgment Entry") was issued on December 16, 1997. *See* Plaintiff's Exhibit 1. The Judgment Entry incorporated the parties' Separation

and Property Settlement Agreement. *See* Plaintiff's Exhibit 1–2. The Separation and Property Settlement Agreement states in pertinent part:

"The [Debtor] shall pay to the [Plaintiff], as spousal support/alimony, the following sums under the following terms and conditions:

A. For a period of two years commencing September 1, 1997, and terminating no later than August 31, 1999, the [Debtor] shall pay to the [Plaintiff] the sum of One Thousand Dollars ($1,000.00), plus poundage, for a total of twenty-four (24) consecutive payments.... Upon such payments becoming due and payable, the payments shall be administered by the Cuyahoga Support Enforcement Agency ("CSEA")....

\* \* \* \* \* \*

C. For a period of five (5) years commencing in 1999, the [Debtor] shall pay to the [Plaintiff] as additional spousal support the sum of Twenty Thousand Dollars ($20,000) per year, for a total obligation [of] One Hundred Thousand Dollars ($100,000). The first payment shall be due and payable on December 31, 1999 and each annual payment thereafter shall be due and payable on December 31 of each consecutive proceeding year, until the balance is paid in full. The [Debtor's] obligation under Item 3(C) shall be without interest. Said payments are of an infrequent nature and therefore shall not be administered by CSEA and shall not be construed as a gift.

D. For a period of four (4) years, commencing September 1, 1999 and terminating August 31, 2003, the [Debtor] shall pay, as spousal support, the sum of One Thousand Five Hundred Dollars ($1,500) per month, plus poundage, for a total of forty-eight (48) consecutive pay-ments. Said payments shall be administered by CSEA....

\* \* \* \* \* \*

F. The [Debtor's] obligations to pay or furnish support under Items 3(A) ... and 3(D) above shall immediately and absolutely cease and terminate upon the death of either party or the wife's remarriage or cohabitation. The [Debtor's] obligations under Item 3(C) above shall immediately and absolutely cease and terminate only upon the death of the [Plaintiff]."

*See* Plaintiff's Exhibit 1–14 to 1–17.

On April 5, 2004, the Plaintiff filed a Second Amended Complaint to Have the Obligation Owing to Shirley Van Aken Declared Nondischargeable, for Money Judgment and Equitable Relief. This Second Amended Complaint sought to have certain debts of the Defendant declared nondischargeable pursuant to Sections 523(a)(5) and 523(a)(15) of the Bankruptcy Code. At a duly noticed hearing held on April 14, 2004, this Court granted the Debtor's Motion to Dismiss Count II of the Plaintiff's Second Amended Complaint. On April 14, 2004, a trial on Count I of Plaintiff's Second Amended Complaint was held.

## II.

The Plaintiff contends that the obligations owed to her under the parties' Separation and Property Settlement Agreement are nondischargeable under § 523(a)(5) of the Bankruptcy Code. In support of Plaintiff's contention that the payments were "in the nature of support," the Plaintiff testified that at the time of the divorce she was unemployed, had no income, and was and not in good health. *Plaintiff,* Direct Examination. The Plaintiff also testified that the Debtor failed to make all of the spousal support payments

ordered by the Cuyahoga County Domestic Relations Court. By judgment entry dated January 25, 2002, Plaintiff was awarded a judgment against Debtor in the amount of $90,794.16 for unpaid arrearages of spousal support plus interest through September 1, 2002, and Debtor was ordered to pay Movant $1,100.00 as additional spousal support for attorney fees. *See* Plaintiff's Exhibit 5. The Plaintiff argues that the judgments awarded her against the Debtor and the current and ongoing obligations due under the terms of the Judgment Entry are in the nature of support, and as such should be declared nondischargeable under § 523(a)(5). The Plaintiff further contends that the obligations for third-party debts assumed by the Debtor under the terms of the parties' Separation and Property Settlement Agreement should also be found nondischargeable. *See* Plaintiff's Exhibit 1–19 to 1–21; 1–52 to 1–53.

The Debtor argues that not all of the obligations owed to the Plaintiff are spousal support under § 523(a)(5). In particular, the Debtor argues that the five annual payments of $20,000 are a property settlement. *See* Plaintiff's Exhibit 1–16. The Debtor testified that the parties never intended those payments to be spousal support and introduced extrinsic evidence to support that contention. *Debtor,* Direct Examination; *Schoonover,* Direct Examination; Defendant's Exhibit C. The Debtor contends that the five payments of $20,000 were in exchange for the Plaintiff's interest in stock of the Sam W. Emerson Company. *Debtor,* Direct Examination. The Debtor argues that because these payments were a property settlement they are dischargeable because they do not meet the nondischargeability requirement of § 523(a)(5)(B) that the payments "actually be in the nature of alimony, maintenance, or support."

## III.

Section 523(a)(5) of the Bankruptcy Code states in relevant part:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt to a ... former spouse ... for alimony to, maintenance for, or support of such spouse ... in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that ... such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5).

The first issue for this Court to determine is whether the support obligations contained in the parties Separation and Property Settlement Agreement are "actually in the nature of support." 11 U.S.C. § 523(a)(5)(B). The obligations in Section 3 of the Agreement were clearly labeled by the state court and the parties as spousal support. *See* Plaintiff's Exhibit 1–3 to 1–5; 1–14 to 1–17. The Sixth Circuit in *In re Sorah,* 163 F.3d 397 (6th Cir.1998), outlined the criteria for determining dischargeability of spousal support under § 523(a)(5) when the obligation at issue is designated as spousal support by the state court. The Sixth Circuit stated that "the court should look to the traditional state law indicia that are consistent with a support obligation." *Id.* at 401. These indicia include "(1) a label such as alimony, support, or maintenance in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of a third-party debt, and (3) payments that are contingent upon such

events as death, remarriage, or eligibility for Social Security benefits." *Id.* If the obligation owed to the former spouse is designated as support by the state court and it has the above indicia than the obligation should be "conclusively presumed" to be a support obligation that is nondischargeable under § 523(a)(5). *Id.* It is the burden of the non-debtor spouse to demonstrate that these indicia are present. *Id.*

The Plaintiff clearly met her burden of establishing these indicia of support. First, the payments due to the Plaintiff were all contained within the spousal support section of the parties' Separation and Property Settlement Agreement, that both parties duly executed while they were represented by counsel. *See* Plaintiff's Exhibit 1–14 to 1–17 and 1–48; *Debtor,* Cross Examination. Second, all of the payments were to be made to the Plaintiff, either directly or through the Cuyahoga Support Enforcement Agency. *See* Plaintiff's Exhibit 1–14 to 1–17. Lastly, the payments were contingent upon the Plaintiff's death and/or remarriage or cohabitation. *Id.* The Plaintiff has established by a preponderance of the evidence that the obligations in question have all of the required indicia of support. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)(Holding that the burden of proof for exceptions to discharge pursuant to 11 U.S.C. § 523(a) is the ordinary "preponderance of the evidence" standard.)

Since the Plaintiff has met her burden of proving that these obligations are spousal support, the Debtor may not introduce evidence to the contrary. *Sorah,* 163 F.3d at 401. Specifically, the Debtor "may not ask the bankruptcy court to assume the role of a psychological examiner probing the state court's decision for linguistic evidence of ulterior motives." *Id.* at 401–402. This is precisely what the Debtor is attempting to do in this case. During the trial, the Debtor testified that he intended for the five annual payments of $20,000 to be a property settlement. Additionally, Attorney John Schoonover, Debtor's counsel during his divorce, testified that during negotiations the five annual payments were intended to be in exchange for the Plaintiff's interest in the stock of the Sam W. Emerson Company. *Schoonover,* Direct Examination. In support of this, the Debtor introduced a proposal letter that included this intention. *See* Defendant's Exhibit C. However, both parties testified that the negotiations of the Separation and Property Settlement Agreement lasted over two years, and Attorney Schoonover admitted that the negotiations continued after this particular proposal letter was sent. *Plaintiff,* Direct Examination; *Debtor,* Examination; *Schoonover,* Cross Examination. By introducing this extrinsic evidence, the Debtor asks the Court to find that the five annual payments of $20,000 are a property settlement, despite the fact that they are clearly labeled as spousal support by the state court in the Judgment Entry and by the parties in their Separation and Property Settlement Agreement. *See* Plaintiff's Exhibit 1–3 to 1–5 and 1–14 to 1–17.[1] Precedential case law and basic principles of contract law prevent the Debtor from

---

1. The Ohio Revised Code § 3105.18 defines spousal support as follows:

 [A]ny payment or payments to be made to a spouse or former spouse, or to a third party for the benefit of a spouse or former spouse, that is both for sustenance and for support of the spouse or former spouse. "Spousal support" does not include any payment made to a spouse or former spouse, or to a third party for the benefit of a spouse or former spouse, that is made as part of a division or distribution of property or a distributive award under section 3105.171 of the [Ohio] Revised Code.

introducing this kind of evidence. *Sorah,* 163 F.3d at 401.

 A basic contract law principle known as the parole evidence rule stands for the proposition that in the absence of an ambiguity, the introduction of extrinsic evidence to vary the terms of an agreement will be prohibited, and the provisions must be applied as written and signed. *Lewelling v. Farmers Ins. of Columbus, Inc.,* 879 F.2d 212 (6th Cir.1989)(applying Ohio law). Under Ohio law, intentions not expressed in the written contract are deemed to have no existence and may not be shown by parol evidence. *Lincoln Electric Company v. St. Paul Fire and Marine Insurance Company,* 210 F.3d 672, 684 (6th Cir. 2000). The Separation and Property Settlement Agreement speaks for itself. The Judgment Entry was neither appealed nor modified and is a final judgment. *Schoonover,* Court's Inquiry. Additionally, Debtor's counsel prepared the Separation and Property Settlement Agreement. *Schoonover,* Cross Examination. Another well-settled principle of contract interpretation provides that contractual terms should be construed most strongly against the drafter, in this case the Debtor. *See, e.g., Lincoln Electric Company,* 210 F.3d at 685; *National Sur. Corp. v. Erskine & Sons, Inc.,* 188 F.Supp. 687, 689 (N.D.Ohio 1960); *Cincinnati Bengals, Inc. v. Bergey* 453 F.Supp., 129, 149 (S.D.Ohio 1974).

 The only kind of evidence that the Debtor may submit is evidence that "demonstrate[s] that although the obligation is of the *type* that may not be discharged in bankruptcy, its *amount* is unreasonable in light of the debtor spouse's [present] financial circumstances." *Sorah,* 163 F.3d at 401; *In re Calhoun,* 715 F.2d 1103, n. 11 (6th Cir.1983). Since the Plaintiff met her burden of establishing that the obligations are spousal support, the burden shifts to the Debtor to prove that the amounts are unreasonable. *Id.* The Debtor failed to present any evidence as to the reasonableness of the spousal support obligations. Therefore, the amount of spousal support obligations delineated in the Judgment Entry and the Separation and Property Agreement will be deemed reasonable.

 The second issue for the Court to decide is whether the debts assumed by the Debtor in the parties' Separation and Property Settlement Agreement should be declared nondischargeable. These debts were not designated as spousal support, but were instead obligations to third parties that the Debtor assumed and was to hold the Plaintiff harmless on such. *See* Plaintiff's Exhibit 1–19 to 1–21; 1–52 to 1–53. In order to have such debts deemed nondischargeable the Plaintiff would have to meet the four prong test of *Calhoun* because *Calhoun* provides the test for determining the dischargeability of debts that are owed to third parties. *Calhoun,* 715 F.2d 1103. The record reflects that the Plaintiff failed to put on any evidence with regard to these assumed liabilities. The Plaintiff simply made conclusory statements in her complaint that were unsubstantiated by the evidence. Therefore, these debts will be discharged to the extent that the Debtor has complied with Section 521 and 523(a)(3) of the Bankruptcy Code.[2]

## IV.

Accordingly, judgment is hereby granted in favor of the Plaintiff, in part, and is

---

2. As part of the Debtor's duties he was to file a list of creditors. 11 U.S.C. § 521. The debts owed to creditors that the Debtor fails to list in a timely filing will not be discharged. 11 U.S.C. § 523(a)(3).

denied, in part. Any and all of the spousal support contained in Section 3 of the parties' Separation and Property Settlement Agreement that remains unpaid by the Debtor is declared nondischargeable under 11 U.S.C. § 523(a)(5). Additionally, all attorney fees previously awarded by the state court as additional spousal support are deemed nondischargeable under 11 U.S.C. § 523(a)(5).[3] The third-party debts assumed by the Debtor in Section 6 of the Separation and Property Settlement Agreement will be discharged to the extent that the Debtor has complied with Section 521 and 523(a)(3) of the Bankruptcy Code. Each party is to bear its respective costs for the prosecution of this adversary proceeding.

**IT IS SO ORDERED.**

---

3. "If ... any person required to pay spousal support under an order made or modified by a court on or after January 1, 1991, is found in contempt of court for failure to make alimony or spousal support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and shall require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt."

Ohio Revised Code § 3105.18(G). *See* Plaintiff's Exhibit 5–2.